IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01737-PAB

OSVALDO EVANDRO LOPES DE CARVALHO,

      Petitioner,

v.

GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement,

      Respondent.

---

### ORDER TO FILE AMENDED HABEAS APPLICATION

---

Petitioner Osvaldo Evandro Lopes De Carvalho is a federal immigration detainee at the ICE Aurora Contract Detention Facility in Aurora, Colorado. This matter comes before the Court on petitioner's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Application"). Docket No. 1. Petitioner paid the filing fee. *Id.* In response to Magistrate Judge Gurley's Order to Show Cause and Draw Case, Docket No. 3, respondent filed a response to petition and Order to Show Cause. Docket No. 12. Petitioner filed a reply. Docket No. 15.

The Court must construe the Application liberally because petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, petitioner will be ordered to file an amended habeas application.

## I.    BACKGROUND

Petitioner raises a single claim in his § 2241 application titled "I have been detained for more than 10 months."  Docket No. 1 at 2.  Petitioner alleges he entered the United States in March 2018 on a visa and remained beyond his authorized stay.  *Id.*  Petitioner further admits that, in 2023, he was charged with "domestic and trespass."  *Id.*  In the response, respondent states that petitioner is currently detained under 8 U.S.C. § 1226(a) and received a bond hearing on July 18, 2025.  Docket No. 12 at 2.  The Immigration Judge denied bond, finding that petitioner failed to establish that he is not a danger to the community.  Docket No. 12-1.  As relief, petitioner requests immediate release, stating that he is "not a flight risk or a danger to society."  Docket No. 1 at 5.

## II.    ANALYSIS

Petitioner's application fails to clearly allege the violation of a federal right that falls within this Court's jurisdiction.  Habeas corpus relief is warranted only if petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Habeas Rules 2(c)(1) and 2(c)(2), petitioner must identify the specific federal claim he is asserting, and he must provide specific factual allegations in support

of the claim. The habeas rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Because petitioner was admitted to the United States and is charged on a post-admission deportability ground (rather than as an applicant for admission), his detention is governed by 8 U.S.C. § 1226(a), which authorizes discretionary custody determinations and release on bond pending the completion of removal proceedings. *See Santillan Quiroz v. Mullin*, No. 26-6019, --- F.4th ----, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026) (holding that noncitizens who entered the United States and were thereafter detained in the interior are "usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)").

Under 8 U.S.C. § 1226, the Attorney General may arrest and detain a noncitizen pending a decision on whether the noncitizen is to be removed from the United States ("the pre-removal period"). During this pre-removal period, a noncitizen detained under § 1226(a) generally is eligible for release on bond and may request a custody redetermination hearing before an immigration judge to determine whether he or she

should be released during the removal process.  If a habeas petitioner is being detained under § 1226(a) and has been provided a bond hearing, the Court is precluded from reviewing an immigration judge's discretionary decision to deny bond under that statute. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.").  The Supreme Court has distinguished between an individualized discretionary bond determination, which § 1226(e) forecloses from review, and a legal or constitutional challenge to the statutory framework or process used to reach that determination, which is not foreclosed from review. *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

Applied here, the Court has jurisdiction under 28 U.S.C. §§ 2241 and 1331 to consider whether the process petitioner received—notice, opportunity to present evidence, a reasoned decision, and other process due in this context—was constitutionally adequate.  The Court lacks jurisdiction to reweigh flight-risk or dangerousness evidence or to substitute its own bond determination for that of the immigration court.

Construed liberally, it appears that the § 2241 Application challenges the immigration judge's finding that petitioner failed to establish that he is not a danger to the community.  Docket No. 12-1.  However, this is unclear given that the application is devoid of the following:

4

- details regarding petitioner's arrest and detention, including whether he was served with a warrant or other documents and whether he was provided a reason for his detention;

- details regarding the bond hearing proceedings; and

- whether any removal proceedings have commenced.

Therefore, petitioner is directed to file an amended habeas application that clearly pleads a cognizable federal claim within the court's jurisdiction. The amended habeas application must include these background facts so the Court can determine whether it has jurisdiction and whether petitioner is entitled to the relief being requested. Petitioner shall also provide a clear statement of his request for relief.

### III.    CONCLUSION

Therefore, it is

**ORDERED** that petitioner shall have **twenty-one (21) days** from the date of this order to file an amended habeas application providing a clear statement of the federal claims he is asserting and the facts supporting those claims. Petitioner must include all claims and allegations in the amended habeas application. It is further

**ORDERED** that petitioner shall obtain and utilize the District of Colorado's form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The form, along with the applicable instructions, can be found at www.cod.uscourts.gov. It is further

**ORDERED** that petitioner must submit a single, completed application on the court-approved form as one document that contains all claims and allegations.

Petitioner is advised that the court is not required to sort through multiple pleadings to ascertain his claims or compile the required information from multiple documents.  It is further

ORDERED that if petitioner fails to file an amended habeas application as directed within the time allowed, the action may be dismissed without further notice.  It is further

ORDERED that respondent must show cause in writing and filed with the court why the amended habeas application should not be granted within **seven days** from the date petitioner files his amended habeas application.  It is further

ORDERED that petitioner may file a reply within **seven days** of respondent's response.

DATED August 3, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge