IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge Philip A. Brimmer**

Civil Action No. 26-cv-01737-PAB

OSVALDO EVANDRO LOPES DE CARVALHO,

Petitioner,

v.

GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement;

Respondent.

---

# ORDER

---

This matter comes before the Court on petitioner Osvaldo Evandro Lopes De Carvalho's *pro se* amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 19. Respondent filed a response. Docket No. 23.

## I. Background

The petitioner is confined at an immigration detention facility in Aurora, Colorado. Docket No. 19 at 1. He claims that he arrived in the United States in 2018. *Id*. at 3.[1] Petitioner states he overstayed his visa. Docket No. 1 at 2. He states that he has been in immigration custody for more than 14 months. Docket No. 19 at 2. He asserts seven claims that the Court liberally construes as contending his continued detention without a bond hearing violates the Immigration and Nationality

[1] Petitioner does not identify his nationality, but states that he has no close relatives in the country of Cabo Verde since his parents and immediate family members live in the United States. *Id*.

Act and the Fifth Amendment to the United States Constitution. As relief, he seeks immediate release from detention or, alternatively, a bond hearing.

The respondent does not address the merits of the petitioner's claim(s) in the response. Instead, the respondent states:

> For purposes of this specific case, Respondent is not submitting a brief in opposition to the Amended Petition detailing the facts and circumstances of this case. Respondent recognizes that the Court may then decide to grant the Amended Petition and award appropriate relief. Respondent submits that if the Court does grant the Amended Petition, the appropriate relief would be an order directing a bond hearing under 8 U.S.C. § 1226(a) before an immigration judge within a reasonable time.

Docket No. 23 at 1-2.

## II. ANALYSIS

The statutory authority to detain a noncitizen while removal proceedings are being adjudicated is found in either 8 U.S.C. §§ 1225 or 1226. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527-28, 533 (2021); *Jennings v. Rodriguez*, 583 U.S. 281, 287-89 (2018). Section 1225 mandates detention pending removal proceedings, providing that, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." 8 U.S.C. § 1225(b)(2)(A). Unless certain exceptions are present, as provided for in §§ 1225(b)(2)(B) and (C), § 1225 "mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025). Section 1226, on the other hand, does not mandate detention, providing that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Under

§ 1226(a)(2), the Attorney General has the discretion to release a noncitizen on bond while removal proceedings are pending. 8 U.S.C. § 1226(a)(2). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

This Court has analyzed on numerous occasions whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings due to their entrance without inspection. *See, e.g.*, *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at *4 (D. Colo. Feb. 4, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2-5 (D. Colo. Jan. 26, 2026); *Garcia-Perez v. Guadian*, No. 25-cv04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025). In each of these cases, the Court determined that the petitioner's detention was governed by § 1226. *Id.*

Similarly, the Tenth Circuit Court of Appeals has recently decided that "[b]ased on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border." *Santillan Quiroz v. Mullin,* --- F.4th ----, 2026 WL 1876709, at *8 (10th Cir. June 30, 2026). In *Santillan Quiroz*, the Tenth Circuit held that the petitioner, who had lived in the United States for two decades, was being detained pursuant to § 1226(a) and was entitled to a bond hearing. *Id.* at *17 n.13. Thus, the Tenth Circuit remanded the case and directed the district court to "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him." *Id.* at *17 n.13.

Like the petitioner in *Santillan Quiroz*, the Court concludes that petitioner's detention properly falls under § 1226(a). Because there is no evidence that he has been provided a bond hearing, his current detention violates § 1226(a). Thus, the Court will grant the application in part and order the respondent to provide the petitioner a bond hearing within seven days of the date of this order or else release him. While the petitioner requests that the Court order his immediate release, the Tenth Circuit instructs that the correct remedy is to order the respondent to provide a prompt bond hearing or else release the petitioner.

Further, because the Court is granting petitioner relief based on § 1226(a), it will not consider his due process claim at this time.

## III. CONCLUSION

Therefore, it is

**ORDERED** that the amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 19] is **GRANTED in part**. It is further

**ORDERED** that respondent shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order or else release him. It is further

**ORDERED** that within **five days** of petitioner's bond hearing or release, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied and/or whether petitioner was released.

DATED September 2, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge