IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01737-PAB

OSVALDO EVANDRO LOPES DE CARVALHO,

Petitioner,

v.

GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Osvaldo Evandro Lopes De Carvalho's pro se letters filed on October 7, 2026 [Docket No. 31] and October 26, 2026 [Docket No. 36]. The Court construes[1] petitioner's October 7, 2026 letter as a motion to enforce the Court's order granting petitioner's habeas petition, *see* Docket No. 25, or to reconsider the decision of the immigration judge in his Court-ordered bond hearing. *See* Docket No. 27-1. In either case, petitioner requests that the Court order the respondent to provide petitioner with a new bond hearing. The Court construes petitioner's October 26 letter as supplemental evidence in support of his October 7 motion. Respondent filed a response to petitioner's October 7 letter. Docket No. 35.

**I. BACKGROUND**

[1] Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Petitioner is confined at an immigration detention facility in Aurora, Colorado. Docket No. 19 at 1. On September 2, 2026, the Court granted petitioner's amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, *see generally* Docket No. 19, and ordered the respondent to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days. Docket No. 25 at 4. On September 9, 2026, respondent submitted a status report representing that petitioner received a bond hearing on September 4, 2026 where the "Immigration Judge denied bond and concluded that the government had established that Petitioner's continued detention is justified." Docket No. 27 at 2. In particular, the immigration judge ("IJ") found (1) that petitioner's repeated violations of protection orders and three convictions for Domestic Violence – Willful Trespass constituted "clear and convincing evidence that [petitioner] is a danger to [the] community" and (2) that petitioner was a flight risk because he had already been ordered removed to Cape Verde. *See* Docket No. 27-1 at 4. That same day, the Court entered final judgment and closed the case. *See generally* Docket No. 28.

On October 7, 2026, petitioner filed a letter requesting a "new bond hearing." Docket No. 31 at 1. Petitioner claims that his Court-ordered bond hearing was deficient because the IJ also presided over his removal hearing and because the IJ failed to consider either a letter supporting bond offered by the victim of his domestic violence offenses or petitioner's "positive equities, which cold [*sic*] be considered a change of circumstances." *Id.* On October 15, 2026, respondent filed a response urging the Court to deny petitioner's request for a new bond hearing "because the Court cannot conduct a de novo review of an immigration judge's discretionary bond decision and because Petitioner has not exhausted his administrative remedies."

Docket No. 35 at 1. On October 26, 2026, petitioner filed a further letter requesting that the Court "be mercy full [*sic*] while analyzing [his October 7] motion and current situation" and arguing that his detention be terminated. Docket No. 36 at 1-4.

## II. ANALYSIS

Regardless of whether the Court construes petitioner's October 7 letter as a motion to enforce the Court's order granting habeas relief or to reconsider the IJ decision, the Court cannot grant the relief petitioner seeks.

As to a motion to enforce, the Court's order granting habeas relief directed respondent to "provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of the date of this Court's order or else release him." Docket No. 25 at 4. Other than ensuring that it comport with 8 U.S.C. § 1226(a), the Court did not attach any conditions to the bond hearing. Petitioner does not argue that the government failed to provide him with the hearing as directed; instead, he challenges the outcome of that hearing. But where "respondent[] ha[s] complied with" the Court's order, a petitioner's "motion to enforce lacks a basis for relief." *Pena-Gil v. Lyons*, No. 25-cv-03268-PAB-NRN, 2026 WL 25143, at *2 (D. Colo. Jan. 5, 2026); *see also Rahman v. Bondi*, 2025 WL 3158061, at *1 (W.D. Wash. Nov. 12, 2025) (denying petitioner's motion "seek[ing] enforcement of the Court's July 11 order" because the order "merely require[d] the Government to provide Petitioner with an individualized bond hearing" and the government did so); *Vides v. Searls*, 2021 WL 6846277, at *1 (W.D.N.Y. May 13, 2021) (in deciding a motion to enforce a court's order for a bond hearing, the court could not "review the hearing evidence de novo" or "substitute its judgment for the IJ's determination," but could only determine whether the government complied with the conditions set forth in the court's order). Put simply,

the Court cannot grant petitioner's motion to enforce where there is "nothing left in the . . . order to 'enforce.' " *Rahman*, 2025 WL 3158061, at *1.

Even if the Court construes petitioner's letter as a motion to reconsider the IJ decision, the Court will deny the motion for lack of jurisdiction. Title 8 U.S.C. § 1226, the statute that governs petitioner's detention, *see* Docket No. 25 at 4, provides that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). The Tenth Circuit has interpreted that provision to bar district courts from hearing challenges to "discretionary bond decision[s]," as petitioner asserts here. *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (unpublished); *see also Pelletier v. United States*, 653 F. App'x 618, 622 (10th Cir. 2016) (unpublished) (same); *Rani v. Barr*, No. 19-cv-02017-RBJ, 2019 WL 6682834, at *3 n.2 (D. Colo. Dec. 6, 2019) (an IJ's "discretionary decision[s] with respect to the grant or denial of bond [are] not reviewable in this Court.").

While petitioner cannot ask this Court to reconsider the IJ decision, he appears to have appealed the bond determination to the Board of Immigration Appeals [2], *see* Docket No. 36 at 5; *see also* 8 C.F.R. § 1003.19(f) (authorizing such appeals). Assuming that petitioner's appeal was timely, that appeal, and not his October 7 motion, was the "appropriate next step" for petitioner. *See Barahona Torres v. Bowen*, Case No. 25-cv-01434-GPG, Docket No. 18 at 6 (D. Colo. July 22,

[2] Petitioner could also move the same IJ for a bond redetermination, but a "request for a subsequent bond redetermination" to the same IJ "shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e).

2025) (requiring administrative exhaustion where petitioner "argue[d] that the immigration judge did not consider the appropriate evidence in redetermining bond").

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner's October 7 letter [Docket No. 31], construed as a motion to enforce the Court's prior grant of habeas relief or as a motion for reconsideration of an immigration judge decision, is **DENIED**.

DATED October 27, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge